THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

* * * * *

UNITED STATES OF AMERICA    *   4:18-CR-188-SDJ-KPJ-1
    *   Sherman, Texas
vs.    *
    *   10:02 a.m. - 10:31 a.m.
DANIEL MENDOZA    *   February 7, 2019

* * * * *

**CHANGE OF PLEA HEARING**

BEFORE THE HONORABLE JUDGE CHRISTINE A. NOWAK
UNITED STATES MAGISTRATE JUDGE

* * * * *

Proceedings recorded by electronic sound recording
Transcript produced by transcription service

*GLR TRANSCRIBERS*
9251 Lynne Circle
Orange, Texas 77630 * 409-330-1610

**APPEARANCES:**

For the Plaintiff:

    MR. ERNEST GONZALEZ
    **U.S. Attorney's Office**
    101 East Park Boulevard
    Suite 500
    Plano, TX 75074

For the Defendant:

    MR. ROBERT O. JENKINS
    **Attorney at Law**
    717 N. Harwood,
    Suite 2650
    Dallas, TX 75201

Deputy Clerk/ECRO:

    KAREN LEE

# P R O C E E D I N G S

**10:02 A.M. - FEBRUARY 7, 2019**

1
2

3      THE COURT:  Good morning, everyone.  Please be

4  seated.  We are scheduled here today to take up Cause

5  No. 4:18-CR-188, The United States of America vs.

6  Daniel Mendoza.

7          If I can have an appearance on behalf of

8  the Government, please.

9      MR. GONZALEZ:  Your Honor, Ernest Gonzalez for

10  the Government.  The Government is ready to proceed.

11      THE COURT:  If I can have an appearance on

12  behalf of Mr. Mendoza.

13      MR. JENKINS:  Robert Jenkins for Mr. Mendoza,

14  Your Honor.  We are ready to proceed.

15      THE COURT:  Thank you.

16          Mr. Mendoza, sir, can you please state

17  your full name for my record?

18      DEFENDANT MENDOZA:  Daniel Mendoza.

19      THE COURT:  All right.  Mr. Mendoza, I know

20  you and I previously have been together.  Can you just

21  confirm for me you continue to speak and understand

22  English?

23      DEFENDANT MENDOZA:  Yes, ma'am.

24      THE COURT:  And you don't want an

25  interpreter --

1    DEFENDANT MENDOZA:  No, ma'am.

2    THE COURT:  -- is that right?  Okay.

3    We are scheduled to proceed, Mr. Mendoza,

4  for a Change of Plea Hearing.  I've been advised that

5  you want to enter a plea to both Counts One and Three

6  of this First Superseding Indictment that's pending

7  against you; is that correct?

8    DEFENDANT MENDOZA:  Yes, ma'am.

9    THE COURT:  All right.  So, for us to talk

10 about that, I do need to have you sworn, so if I can

11 ask you to raise your right hand to the best of your

12 ability.

13    DEPUTY CLERK:  You do solemnly swear the

14 testimony you shall give in the case now in hearing

15 shall be the truth, the whole truth, and nothing but

16 the truth, so help you God?

17    DEFENDANT MENDOZA:  Yes, ma'am.

18    THE COURT:  Now, before we go forward,

19 Mr. Mendoza, I'm going to ask you just to confirm a few

20 things for me.  Do you have a copy of the First

21 Superseding Indictment?

22    DEFENDANT MENDOZA:  Yes, ma'am.

23    THE COURT:  Okay.  Now, I do just want to

24 confirm on the record, the Court's understanding is

25 that it's been determined that the redacted copy that

1  is contained on the docket omits page 2.  And so before

2  we go any further, I do want just the Government and

3  defense counsel to confirm for me that they do have a

4  full copy of the Indictment, the First Superseding

5  Indictment, at this time.

6            Is that correct, Mr. Gonzalez?

7            MR. GONZALEZ:  Yes, Your Honor.

8            THE COURT:  And Mr. Jenkins?

9            MR. JENKINS:  Yes.  And we have redacted our

10  copy.

11            THE COURT:  What I'm really just trying to

12  make sure of is that you had a full and fair

13  opportunity to talk with your client about this page 2

14  that's not found on the docket currently?

15            MR. JENKINS:  Yes, Your Honor.

16            THE COURT:  Okay.  And so you're not --

17            MR. JENKINS:  And we have a copy here in front

18  of us.

19            THE COURT:  So y'all don't think you need

20  additional time to talk about the Indictment since

21  we've determined that that was omitted?

22            MR. JENKINS:  No, Your Honor.

23            THE COURT:  Okay.  And so, Mr. Mendoza, I'm

24  looking at this First Superseding Indictment and I just

25  want to confirm, Count One is for a violation of 21

1  U.S.C., Section 846, Conspiracy to Possess with the

2  Intent to Manufacture and Distribute Methamphetamine.

3  And if I turn, Count Three is a violation of 18 U.S.C.,

4  Section 924(c), Possession of a Firearm in Furtherance

5  of a Drug Trafficking Crime.

6             Are those the two counts that you're

7  telling me you want to enter a plea to here today?

8        DEFENDANT MENDOZA:  Yes, ma'am.

9        THE COURT:  All right.  Before we're able to

10  go any further, Mr. Mendoza, you and I have to talk

11  about this document.  And can you just confirm for me,

12  do you read and write in English?

13        DEFENDANT MENDOZA:  Yes, ma'am.

14        THE COURT:  So then, Mr. Mendoza, if I can ask

15  if you will turn with me to the next to last page of

16  this consent.  Is this your signature here?

17        DEFENDANT MENDOZA:  Yes, ma'am.

18        THE COURT:  Okay.  Did you read this document

19  and talk with Mr. Jenkins about it before you signed it?

20        DEFENDANT MENDOZA:  Yes, ma'am.

21        THE COURT:  And do you feel that you understand

22  this document?

23        DEFENDANT MENDOZA:  Yes, ma'am.

24        THE COURT:  And so I'm going to ask you some

25  questions just to make sure you do.  Do you understand

1  that signing this document, what you're doing is you're

2  giving up your right to appear before the District

3  Judge to enter your plea?

4          DEFENDANT MENDOZA:  Yes, ma'am.

5          THE COURT:  And you're agreeing to enter your

6  plea before me, a Magistrate Judge?

7          DEFENDANT MENDOZA:  Yes, ma'am.

8          THE COURT:  Is that what you want to do?

9          DEFENDANT MENDOZA:  Yes, ma'am.

10          THE COURT:  Did anybody make you sign this?

11          DEFENDANT MENDOZA:  No, ma'am.

12          THE COURT:  So this is your own free choice?

13          DEFENDANT MENDOZA:  Yes, ma'am.

14          THE COURT:  All right.  Then I'm going to go

15  ahead and find that your consent was knowingly and

16  voluntarily given and that we should proceed with

17  taking your plea here today.

18              Now, Mr. Mendoza, before we leave this

19  consent document, I want to talk with you about some of

20  its contents; all right?

21          DEFENDANT MENDOZA:  Yes, ma'am.

22          THE COURT:  Part of my job here today is to

23  make sure you really do understand what you're doing,

24  and so that's what we're going to talk about.

25              Do you understand this is not your only

1   option?  You don't have to enter a guilty plea to these

2   charges.  You've got a right under the Constitution of

3   the United States to enter a plea of not guilty to both

4   Counts One and Three and to go to trial.  Do you fully

5   understand that?

6            DEFENDANT MENDOZA:  Yes, ma'am.

7            THE COURT:  Now, if you were to plead not

8   guilty, the Constitution of the United States affords

9   you certain rights and those are sometimes called your

10  trial rights.  I'm going to read just a laundry list of

11  those to you at this time to make sure you do fully

12  understand what you're giving up by going forward in

13  this manner.

14           Mr. Mendoza, if you were to plead not

15  guilty, the Constitution of the United States would

16  guarantee you the following:

17           The right to a speedy and public trial by

18  a jury in this district; the right at such trial for

19  you to see, hear, and cross-examine all witnesses

20  against you and to present evidence; the right to use

21  the power and process of the Court to compel the

22  production of any evidence and the attendance of

23  witnesses in your favor; the right to have the

24  assistance of an attorney in your defense at all stages

25  of the proceeding.  At the trial, you could not be

1  compelled to testify. Whether you would testify would

2  be your own decision. The United States would be

3  required to prove your guilt beyond a reasonable doubt

4  at trial. And if you were found guilty, you would have

5  the right to appeal.

6          So do you understand you have and you are

7  guaranteed each of those rights that I just read to you

8  under the Constitution of the United States?

9          DEFENDANT MENDOZA: Yes, ma'am.

10         THE COURT: Mr. Mendoza, do you further

11  understand that if you persist in entering a guilty

12  plea here today and the District Court accepts this

13  plea, there's going to be no trial?

14         DEFENDANT MENDOZA: Yes, ma'am.

15         THE COURT: Do you understand, if you enter

16  this guilty plea here today and the District Court

17  accepts it, you're going to give up all of those rights

18  that I just read to you, except for the continued

19  assistance of your counsel, Mr. Jenkins?

20         DEFENDANT MENDOZA: Yes, ma'am.

21         THE COURT: And lastly, do you understand that

22  if you enter this plea here today, you're going to be

23  convicted for these two counts?

24         DEFENDANT MENDOZA: Yes, ma'am.

25         THE COURT: So, seeing that you do understand

1  those consequences, I also have to make sure you're

2  competent to enter a plea, and so I'm just going to ask

3  you some background questions.  Bear with me, okay?

4          DEFENDANT MENDOZA:  Yes, ma'am.

5          THE COURT:  Have you ever been diagnosed or

6  treated for any type of narcotics addiction or

7  alcoholism?  Have you ever had a problem with drugs and

8  alcohol?

9          DEFENDANT MENDOZA:  Yes, ma'am.

10         THE COURT:  How recently?

11         DEFENDANT MENDOZA:  Before I got arrested.

12         THE COURT:  So fairly recently.

13         DEFENDANT MENDOZA:  Yes, ma'am.

14         THE COURT:  So let me ask you, do you think

15  that your past history of drug use or alcohol use is in

16  any way going to affect your ability to understand

17  what's going on here in this courtroom today?

18         DEFENDANT MENDOZA:  No, ma'am.

19         THE COURT:  Are you currently under the

20  influence of any drugs, alcohol, any substance

21  whatsoever, other than a medication prescribed by your

22  doctor?

23         DEFENDANT MENDOZA:  No, ma'am.

24         THE COURT:  Have you ever been diagnosed or

25  treated for any type of mental illness, emotional

1  disability, or problem?  That's going to include things
2  like depression, anxiety.

3          DEFENDANT MENDOZA:  No, ma'am.

4          THE COURT:  Have you understood everything
5  we've talked about so far?

6          DEFENDANT MENDOZA:  Yes, ma'am.

7          THE COURT:  And you're telling me you feel a
8  hundred percent physically and mentally fit for us to
9  take your plea here today?

10          DEFENDANT MENDOZA:  Yes, ma'am.

11          THE COURT:  And counsel, I'm just going to ask
12  you as well, because you've had a further opportunity
13  to speak with your client, are you aware of any reason
14  whatsoever he's not able to enter a knowing and
15  intelligent plea?

16          MR. JENKINS:  No, Your Honor.

17          THE COURT:  So do you believe him to be fully
18  competent to enter a plea here today to both Counts One
19  and Three of this First Superseding Indictment?

20          MR. JENKINS:  He is, Your Honor.

21          THE COURT:  Now, Mr. Mendoza, I want us to
22  talk about this Indictment just a little bit further.
23  And like I said, I've got this copy here and I asked
24  you at the outset if you had this copy and read it and
25  talked with your lawyer.  Does all of that remain true?

1    DEFENDANT MENDOZA:  Yes, ma'am.

2    THE COURT:  So I'm going to also ask you at

3  this time, Mr. Mendoza, have you had a full and fair

4  opportunity to talk with Mr. Jenkins about all the

5  facts of your case and any defenses you might have to

6  these two charges?

7    DEFENDANT MENDOZA:  Yes, ma'am.

8    THE COURT:  And following all of your

9  communications with your counsel, are you fully

10  satisfied with the representation and the advice that

11  you've received in connection with your case, as well

12  as in connection with your decision to enter a plea

13  here today?

14    DEFENDANT MENDOZA:  Yes, ma'am.

15    THE COURT:  All right.  And I'm going to tell

16  you, in light of that, you and I can talk about this

17  Indictment in one of two ways:  I can have the whole

18  thing read to you at this time if you would like.

19  Alternatively, you can give up the reading, and if you

20  do that, I'll have the Government just summarize these

21  counts that you're trying to enter a plea to.  It's

22  your choice, though, so you tell me what do you want to

23  do?

24    DEFENDANT MENDOZA:  Summarize.

25    THE COURT:  All right.  Mr. Jenkins, I'm just

1  going to confirm, that means y'all are waiving; is that

2  right?

3          MR. JENKINS:  Yes, Your Honor.

4          THE COURT:  All right.  So, Mr. Gonzalez, if I

5  might ask at this time, if you'll please summarize each

6  of Counts One and Three for Mr. Mendoza.

7          And I am going to also ask, Mr. Mendoza,

8  for the Government to advise you of what are called the

9  essential elements of this offense.  The essential

10 elements are what the Government would have to prove at

11 trial in order for you to actually be convicted of

12 these counts.  So just listen very carefully, okay?

13         DEFENDANT MENDOZA:  Yes, ma'am.

14         MR. GONZALEZ:  And, Your Honor, before I do

15 that, I'd like to point out that there are two errors

16 that I just noticed.  In Document 82, which is the

17 elements that were filed, in regards to the second

18 count, the caption above it reads Count Two, when it

19 should be Count Three.  And then in the Plea Agreement

20 also, the same error in the second page, it says "As to

21 Count Two" when it should say "As to Count Three."

22         THE COURT:  All right.  So I tell you what,

23 here's what we're going to do before we go forward.

24 Let me hand down the Plea Agreement since we have the

25 originals here.  And if we can make that change and

1  everyone -- Mr. Gonzalez, Mr. Jenkins, and

2  Mr. Mendoza -- if you'll all initial it.

3         And then as to the elements, if you'll

4  read them correctly into the record, Mr. Gonzalez.  And

5  then subsequent to today's proceeding, if you'll file

6  amended elements.

7         And Mr. Jenkins, I'm just going to

8  confirm, do you find that an acceptable way to treat

9  that typographical error?

10         MR. JENKINS:  Yes, Your Honor.

11         THE COURT:  All right.  So let me hand down

12  the Plea Agreement at this time.

13         MR. GONZALEZ:  May I approach?

14         THE COURT:  Yes, thank you so much.

15         *[Pause while document is corrected]*

16         Thank you, Mr. Gonzalez.

17         All right.  And so at this time let's go

18  ahead and again summarize Counts One and Three for

19  Mr. Mendoza, and also advise him of the essential

20  elements as correctly stated.

21         MR. GONZALEZ:  Yes, Your Honor.  Count One

22  alleges a violation of Title 21, United States Code,

23  Section 846, Conspiracy to Possess with the Intent to

24  Distribute Methamphetamine.  And Count Three of the

25  First Superseding Indictment charges a violation of

1  Title 18, United States Code, Section 924(c),

2  Possession of a Firearm in Furtherance of a Drug

3  Trafficking Crime.

4          The essential elements for those

5  particular offenses are as follows for Count One:

6          Element No. 1.  That the defendant and one

7  or more persons in some way or manner made an agreement

8  to commit the crime charged in the First Superseding

9  Indictment, that is, to possess with the intent to

10  distribute 500 grams or more of a mixture or substance

11  containing a detectable amount of methamphetamine or 50

12  grams or more of methamphetamine actual;

13          2.  That the defendant knew the unlawful

14  purpose of the agreement;

15          3.  That the defendant joined in the

16  agreement willfully, that is, with the intent to

17  further its unlawful purpose;

18          4.  That the overall scope of the

19  conspiracy involved 500 grams or more of a mixture or

20  substance containing a detectable amount of

21  methamphetamine, or 50 grams or more of methamphetamine

22  actual;

23          And lastly, element 5 for that count.

24  That the defendant knew or should have known that the

25  scope of the conspiracy involved 500 grams or more of a

1 mixture or substance containing a detectable amount of

2 methamphetamine, or 50 grams or more of methamphetamine

3 actual.

4     As to Count Three, the elements are as

5 follows:

6     Number 1.  That the defendant knowingly

7 possessed the controlled substance charged in the First

8 Superseding Indictment;

9     2.  That the substance was in fact a

10 mixture or substance containing a detectable amount of

11 methamphetamine;

12     3.  That the defendant possessed the

13 substance charged in the First Superseding Indictment

14 with intent to distribute it;

15     And lastly.  That the defendant knowingly

16 possessed a firearm, namely a Ruger semi-automatic 9mm

17 handgun, Serial No. 312-91160, and a Springfield

18 semi-automatic .40 caliber handgun, Serial No.

19 MG174539, in furtherance of the drug trafficking crime

20 set forth in the elements 1 through 3.

21     THE COURT:  Thank you.

22     Okay.  So, Mr. Mendoza, I'm going to ask

23 you some questions about that information.

24     First off, we're going to start with

25 Counts One and Three.  Do you understand the charges

1  pending against you in Counts One and Three of the

2  First Superseding Indictment?

3           DEFENDANT MENDOZA:  Yes, ma'am.

4           THE COURT:  Did you also understand each of

5  the essential elements related to both of those counts

6  that were just read to you?

7           DEFENDANT MENDOZA:  Yes, ma'am.

8           THE COURT:  Do you understand that when you

9  enter a plea here today, what you're going to be doing

10 is admitting to all of those essential elements that

11 were just read to you?

12          DEFENDANT MENDOZA:  Yes, ma'am.

13          THE COURT:  And so I'm going to go ahead and

14 just ask you, do you in fact admit to each of the

15 elements for both Counts One and Three?

16          DEFENDANT MENDOZA:  Yes, ma'am.

17          THE COURT:  Now, it's also very important for

18 you to understand the full range of penalties and

19 consequences that you could be subjected to following

20 entry of your plea here today, so I am also going to

21 ask the Government to inform you of that.

22          DEFENDANT MENDOZA:  Yes, ma'am.

23          MR. GONZALEZ:  Your Honor, as to Count One,

24 the potential punishment is as follows:

25               If 500 grams or more of a mixture or

1 substance containing a detectable amount of

2 methamphetamine, or 50 grams or more of methamphetamine

3 actual, not less than 10 years and not more than life

4 imprisonment; a fine not to exceed $10 million, or

5 both; and a term of supervised release of at least five

6 years. There is a mandatory Special Assessment of $100

7 which must be paid by cashier's check or money order to

8 United States District Clerk before sentencing; there's

9 a possibility of forfeiture of property involved or

10 traceable to the criminal offense, restitution to the

11 victims or the community, and costs of incarceration

12 and supervision.

13             As to Count Three, the possible punishment

14 is imprisonment for not less than five years, to be

15 served consecutively to any other term of imprisonment;

16 a fine not to exceed $250,000, or both, and a term of

17 supervised release of not more than three years. There

18 is also a mandatory Special Assessment of $100, which

19 must be paid by cashier's check or money order to the

20 United States District Clerk before sentencing.

21 There's also the potential for forfeiture of property

22 involved or traceable to the criminal offense,

23 restitution to the victims or the community, and the

24 costs of incarceration and supervision.

25             THE COURT:  Thank you.

1            Okay.  So I'm going to ask you some

2  questions about that.  Do you understand, if you enter

3  a guilty plea here today, that's the range of penalties

4  and consequences you will be subjected to, that you

5  could receive?

6            DEFENDANT MENDOZA:  Yes, ma'am.

7            THE COURT:  Now, it's also very important for

8  you to understand how sentencing works because it's

9  different than in the state courts.  So do you

10  understand that whether you enter this plea here today

11  or you went forward to trial and you were convicted by

12  a jury, in either of those circumstances it's the

13  Federal District Judge that will do your sentencing.

14  Do you understand that?

15            DEFENDANT MENDOZA:  Yes, ma'am.

16            THE COURT:  Do you understand that in

17  determining or deciding what your sentence should be,

18  the Federal District Judge is going to look to, but she

19  is not obligated to follow the Federal Sentencing

20  Guidelines?

21            DEFENDANT MENDOZA:  Yes, ma'am.

22            THE COURT:  And so you and your counsel, have

23  y'all sat down and have you talked about how those

24  Sentencing Guidelines might be used or applied in your

25  particular case?

1           DEFENDANT MENDOZA:  Yes, ma'am.

2           THE COURT:  And following your communications

3 with your counsel, do you fully understand the

4 Guidelines, they're not mandatory, they're just

5 discretionary?

6           DEFENDANT MENDOZA:  Yes, ma'am.

7           THE COURT:  That what that means is the

8 District Judge is not obligated to follow them?

9           DEFENDANT MENDOZA:  Yes, ma'am.

10          THE COURT:  And that she could sentence you

11 all the way up to that statutory maximum?

12          DEFENDANT MENDOZA:  Yes, ma'am.

13          THE COURT:  Do you also understand that the

14 Guideline range for your particular case is not able to

15 be determined until after completion of your Written

16 Presentence Report?

17          DEFENDANT MENDOZA:  Yes, ma'am.

18          THE COURT:  And so what that means is that any

19 estimate that Mr. Jenkins is giving you, the Government

20 has given you, all that is, is an estimate?

21          DEFENDANT MENDOZA:  Yes, ma'am.

22          THE COURT:  Then with that, let's go ahead and

23 turn and look at this Plea Agreement.

24             And counsel, I do apologize, I've realized

25 upon looking at each of the documents that we signed

1  today that Mr. Mendoza's signature is undated.

2          So I am going to hand these back down and

3  ask, Mr. Mendoza, if you can date your signature.

4          *[Pause]*

5          MR. JENKINS:  May I approach, Your Honor?

6          THE COURT:  Yes.  Thank you so much,

7  Mr. Jenkins.  I appreciate it.

8          So, having received those originals back

9  again, at this time, Mr. Mendoza, I want to talk with

10  you about your Plea Agreement and the Addendum to your

11  Plea Agreement.  So I've got the original and if I turn

12  to this next to last page, being page 9, Mr. Mendoza,

13  is that your signature there?

14          DEFENDANT MENDOZA:  Yes, ma'am.

15          THE COURT:  And did you read the entirety of

16  this Plea Agreement before you signed it?

17          DEFENDANT MENDOZA:  Yes, ma'am.

18          THE COURT:  And did you talk with Mr. Jenkins

19  about each and every one of the paragraphs in this

20  document before you signed it?

21          DEFENDANT MENDOZA:  Yes, ma'am.

22          THE COURT:  So were you comfortable you

23  understood everything in your Plea Agreement before you

24  signed it?

25          DEFENDANT MENDOZA:  Yes, ma'am.

1   THE COURT:  And I'm going to ask you about

2   your Addendum as well because I've got that document

3   here.  And the same questions, if I turn to page 2, is

4   that your signature?

5   DEFENDANT MENDOZA:  Yes, ma'am.

6   THE COURT:  Did you talk with your lawyer

7   about this document before you signed it?

8   DEFENDANT MENDOZA:  Yes.

9   THE COURT:  And were you comfortable you

10  understood everything in it before you signed it?

11  DEFENDANT MENDOZA:  Yes, ma'am.

12  THE COURT:  Now, if I were to take these two

13  documents together, your Plea Agreement and the

14  Addendum thereto, do these two documents make up the

15  entirety of your agreement with the Government?

16  DEFENDANT MENDOZA:  Yes, ma'am.

17  THE COURT:  Then I am going to go ahead and

18  ask the Government at this time to summarize your Plea

19  Agreement, including specifically the change made in

20  paragraph 3, paragraph 5, paragraph 8, 11 and 15.

21  MR. GONZALEZ:  Your Honor, in paragraph 3,

22  what was changed is it once said "As to Count Two," and

23  then it described the potential punishment.  It was

24  changed to read as "As to Count Three," which is the

25  count the defendant is pleading guilty to.

1         5 is entitled "Guideline Stipulations"

2 and it states, "The parties stipulate to the following

3 factors that affect the appropriate sentencing range in

4 this case:"

5         Subparagraph (a) states that, "As to

6 Count One, the amount involved during the term of the

7 conspiracy involved 45 kilograms or more of a mixture

8 or substance containing a detectable amount of

9 methamphetamine, or 4.5 kilograms or more of

10 methamphetamine actual. This amount was involved in

11 the conspiracy after the defendant entered the

12 conspiracy, was reasonably foreseeable to the

13 defendant, and was part of jointly undertaken activity

14 resulting in a base offense level pursuant to United

15 States Sentencing Guideline Section 2D1.1 of 38."

16         Subparagraph (b). "As to Count Two,

17 imprisonment for not less than five years to be served

18 consecutively to any other term of imprisonment.

19         Subparagraph (c). "For each count, a

20 reduction of three levels for acceptance of

21 responsibility under United States Sentencing

22 Guideline, Section 3E1.1 applies. However, this

23 stipulation is subject to the recommendation of the

24 United States Probation Office.

25         And subparagraph (d) states that, "For

1  each count, the defendant does not qualify for a

2  reduction under United States Sentencing Guideline

3  Section 3B1.2, Mitigating Role, and a decrease of two

4  levels."

5       It also states that, "The parties

6  understand that the Court is not bound by these

7  stipulations.  Furthermore, the parties specifically

8  agree that other specific offense characteristics or

9  guideline adjustments may increase or decrease the

10  appropriate sentencing range.  Nothing in this

11  agreement will preclude argument by either party

12  regarding any other specific offense characteristic or

13  guideline adjustment."

14       Paragraph 8 is entitled "Forfeiture" and

15  it states that, "The defendant agrees to forfeit to the

16  United States voluntarily and immediately all of his

17  right, title, and interest to the following property,

18  which is subject to forfeiture pursuant to 18 U.S.C.

19  Section 924(d) and 21 U.S.C. Section 853."

20       And in subparagraph (a) it states:

21       "2015 Chevrolet Tahoe SUV, with a VIN

22  number of 1GNSCBKC4FR220658, seized from the defendant,

23  Daniel Mendoza."

24       In subparagraph (b) it states:

25       "Springfield semi-automatic .40 caliber

1  handgun, Serial Number MG174539, seized from the

2  defendant, Daniel Mendoza."

3       And paragraph 11 is entitled "Waiver of

4  Right to Appeal or Otherwise Challenge Sentence," and

5  it states the following:

6       "Except as otherwise provided in this

7  paragraph, the defendant waives the right to appeal the

8  conviction, sentence, fine, order of restitution, or

9  order of forfeiture in this case on all grounds.  The

10  defendant further agrees not to contest the conviction,

11  sentence, fine, order of restitution, or order of

12  forfeiture in any post-conviction proceeding,

13  including, but not limited to, a proceeding under 28

14  U.S.C., Section 2255.  The defendant, however, reserves

15  the right to appeal any punishment imposed in excess of

16  the statutory maximum.  The defendant also reserves the

17  right to appeal or seek collateral review of a claim of

18  ineffective assistance of counsel."

19       In paragraph 15, it's entitled "Entirety

20  of Agreement," and it states:

21       "This Plea Agreement consists of this

22  document in the sealed addendum required by Local Rule

23  CR-49.  References in this document to 'agreement' or

24  'Plea Agreement' refer to both this document and the

25  Sealed Addendum.  The defendant, the defendant's

1   attorney, and the Government acknowledge that this

2   agreement is a complete statement of the parties'

3   agreement in this case.  It supersedes all other plea

4   agreements and may not be modified unless the

5   modification is in writing and signed by all parties.

6   No other promises have been made or implied."

7               And it's signed by myself, by Mr. Daniel

8   Mendoza, and his attorney, Robert Jenkins.

9           THE COURT:  All right.  So, Mr. Mendoza, I

10  want to talk with you a little further about each of

11  those paragraphs.  I just need to confirm that you

12  really do understand this agreement.

13              So we're going to begin with that

14  paragraph 3 that's entitled Sentence.  And we've

15  already advised you here today of the maximum penalties

16  the Court can impose, but I do want to go over this

17  paragraph because here's where we have the

18  typographical error.

19              So, on page 2 of your Plea Agreement, it

20  previously said "As to Count Two."  We've stricken the

21  word "Two" and replaced it with "Three."

22              Are these your initials next to that

23  change?

24          DEFENDANT MENDOZA:  Yes, ma'am.

25          THE COURT:  And do you entirely understand the

1  change that's been made?

2          DEFENDANT MENDOZA:  Yes, ma'am.

3          THE COURT:  Do you have any further questions

4  about that change?

5          DEFENDANT MENDOZA:  No, ma'am.

6          THE COURT:  Okay.  So then let's keep going

7  and let's look at paragraph 5.  Paragraph 5 is entitled

8  "Guideline Stipulations."  And I just need to confirm

9  that you understand that by and through this paragraph

10 there's an agreement by the Government to recommend or

11 to not oppose a request that a particular provision of

12 the Guidelines or a particular sentencing factor

13 applies or does not apply in your case.

14          Do you understand that's what's discussed

15 in paragraph 5?

16          DEFENDANT MENDOZA:  Yes, ma'am.

17         THE COURT:  Now, do you fully understand that

18 the District Judge is not bound by the sentencing

19 recommendation that is contained within your Plea

20 Agreement?

21          DEFENDANT MENDOZA:  Yes, ma'am.

22         THE COURT:  And so by that same token, do you

23 understand that if the District Judge declines to

24 accept this recommendation, you're still going to

25 remain bound by the plea you enter here today and you

1  will have no right to withdraw it?

2          DEFENDANT MENDOZA:  Yes.

3          THE COURT:  Now, that's one of the most

4  important things you and I are going to talk about

5  today, so I'm going to ask that question even a little

6  differently.  Do you understand if the sentence you

7  ultimately receive is more severe than what you're

8  expecting or what you're hoping to get, you will still

9  remain bound by this plea here today?

10          DEFENDANT MENDOZA:  Yes, ma'am.

11          THE COURT:  Then let's look next at that

12  paragraph 8, which is entitled "Forfeiture."  And all I

13  need to confirm is there's specific property listed here

14  in paragraph 8 and subparagraph (a) and subparagraph

15  (b), this Tahoe and then the semi-automatic.  Do you

16  understand that by and through paragraph 8, what you're

17  agreeing to do is to give up all right, title and

18  interest to that property and not to contest its

19  forfeiture?

20          DEFENDANT MENDOZA:  Yes, ma'am.

21          THE COURT:  Did you voluntarily and of your

22  own free will agree to give up all right, title, and

23  interest to this property and to not contest its

24  forfeiture?

25          DEFENDANT MENDOZA:  Yes, ma'am.

1  THE COURT: So turn with me next to paragraph

2  11. That's your Appellate Rights. They are very

3  important. What you've agreed to do in paragraph 11 is

4  not to contest your conviction and sentence except on

5  two very limited grounds. And you also agree not to

6  contest those things in any post-conviction proceeding,

7  including, but not limited to, a Section 2255. Do you

8  understand that's what you're doing in paragraph 11?

9  DEFENDANT MENDOZA: Yes, ma'am.

10  THE COURT: So, even more specifically, you've

11  only reserved to yourself the right to appeal where

12  punishment is imposed in excess of the statutory

13  maximum or where you have a claim for ineffective

14  assistance of counsel. Do you understand that?

15  DEFENDANT MENDOZA: Yes.

16  THE COURT: And did you voluntarily and of

17  your own free will agree to give up your appellate

18  rights except in these two limited circumstances?

19  DEFENDANT MENDOZA: Yes, ma'am.

20  THE COURT: And if we look at that final

21  paragraph, paragraph 15, all I'm trying to confirm

22  again is that other than your Plea Agreement and your

23  Addendum, has anybody made any other promises or

24  assurances to you to get you to enter a plea here today?

25  DEFENDANT MENDOZA: No, ma'am.

1          THE COURT:  Now, you and I aren't going to

2     walk through each of those remaining paragraphs

3     individually, but I am going to ask you, as to all of

4     them, do you have any questions whatsoever about your

5     Plea Agreement?

6          DEFENDANT MENDOZA:  No, ma'am.

7          THE COURT:  So, as you stand here today, are

8     you telling me you understand this agreement?

9          DEFENDANT MENDOZA:  Yes, ma'am.

10          THE COURT:  And you voluntarily and of your

11     own free will agree to each of these provisions?

12          DEFENDANT MENDOZA:  Yes, ma'am.

13          THE COURT:  And this is the agreement you want

14     the Court to accept and approve?

15          DEFENDANT MENDOZA:  Yes, ma'am.

16          THE COURT:  Now, before we leave the Plea

17     Agreement, Mr. Mendoza, I am just going to ask, are you

18     a United States Citizen, sir?

19          DEFENDANT MENDOZA:  Yes, ma'am.

20          THE COURT:  And have you ever previously been

21     convicted of a felony offense?

22          DEFENDANT MENDOZA:  No, ma'am.

23          THE COURT:  So I just want to make sure that

24     you and Mr. Jenkins have discussed the impact that

25     entering a plea to a felony offense could have on your

1 citizenship right. So have you and Mr. Jenkins

2 discussed that you may lose the right to vote, to hold

3 public office, to possess a firearm, to sit on a jury?

4     DEFENDANT MENDOZA: Yes, ma'am.

5     THE COURT: And so being apprised of those

6 consequences, do you still want to enter a plea here

7 today?

8     DEFENDANT MENDOZA: Yes, ma'am.

9     THE COURT: Then there's two other things that

10 you and I do have to talk about here today, and the

11 first is whether or not your plea is knowingly and

12 voluntarily given, and the second is whether or not

13 there's a Factual Basis.

14         So I can only take your plea if you're

15 actually guilty of this charge, and so I need for you

16 to confirm for me at this time, has anybody attempted

17 to force you, threaten you, make you, coerce you into

18 entering a plea here today?

19     DEFENDANT MENDOZA: No, ma'am.

20     THE COURT: Are you entering a plea to try and

21 help somebody else?

22     DEFENDANT MENDOZA: No, ma'am.

23     THE COURT: Are you here today of your own

24 free will?

25     DEFENDANT MENDOZA: Yes, ma'am.

1  THE COURT:  Because you're actually guilty of

2 these counts?

3  DEFENDANT MENDOZA:  Yes, ma'am.

4  THE COURT:  Then, if you can, I'd like for us

5 to look at one final document together and that's going

6 to be your Factual Basis.  And I have that Factual

7 Basis in my hands.  And if I turn to page 2,

8 Mr. Mendoza, is that your signature there?

9  DEFENDANT MENDOZA:  Yes, ma'am.

10  THE COURT:  And did you read this document in

11 its entirety before you signed it?

12  DEFENDANT MENDOZA:  Yes, ma'am.

13  THE COURT:  And did you talk with your lawyer

14 about each and every one of these paragraphs before you

15 signed it?

16  DEFENDANT MENDOZA:  Yes, ma'am.

17  THE COURT:  And were you comfortable you

18 understood everything in this Factual Basis before you

19 signed it?

20  DEFENDANT MENDOZA:  Yes.

21  THE COURT:  Then I will go ahead and ask if

22 the Government will please read it into the record.

23  MR. GONZALEZ:  Yes, Your Honor.  The Factual

24 Basis is as follows.  It states:

25  "The defendant, Daniel Mendoza, hereby

1  stipulates and agrees that at all times relevant to the

2  First Superseding Indictment herein, the following

3  facts are true:

4          "1.  That the defendant, Daniel Mendoza,

5  who is changing his plea to guilty, is the same person

6  charged in the First Superseding Indictment;

7          "2.  That the events described in the

8  First Superseding Indictment occurred in the Eastern

9  District of Texas and elsewhere;

10          "3.  That Daniel Mendoza and one or more

11  persons in some way or manner made an agreement to

12  commit the crime charged in Count One of the First

13  Superseding Indictment, to knowingly and intentionally

14  possess with the intent to manufacture and distribute

15  45 kilograms or more of a mixture or substance

16  containing a detectable amount of methamphetamine, or

17  4.5 kilograms or more of methamphetamine actual;

18          "4.  That Daniel Mendoza knew the unlawful

19  purpose of the agreement and joined in it with the

20  intent to further it;

21          "5.  That Daniel Mendoza knew that the

22  amount involved during the term of the conspiracy

23  involved 45 kilograms or more of a mixture or substance

24  containing a detectable amount of methamphetamine, or

25  4.5 kilograms or more of methamphetamine actual.  This

1 amount was involved in the conspiracy after the
2 defendant entered the conspiracy and was reasonably
3 foreseeable to the defendant and was part of jointly
4 undertaken activity;

5      "6.  That Daniel Mendoza's role in the
6 conspiracy was to supply co-conspirators with kilogram
7 quantities of methamphetamine from various sources,
8 which was imported from Mexico, which would then be
9 distributed to other co-conspirators and co-defendants
10 during the term of the conspiracy in the Eastern and
11 Northern Districts of Texas;

12      "7.  That Daniel Mendoza was in possession
13 of a Ruger semi-automatic .9mm handgun, Serial Number
14 312-91160, and a Springfield semi-automatic .40 caliber
15 handgun, Serial Number MG174539, on October 9, 2018, in
16 furtherance of the conspiracy as alleged in Count Three
17 of the First Superseding Indictment."

18      And it's signed by the defendant, Daniel
19 Mendoza, and his attorney, Robert Jenkins.

20      THE COURT:  Thank you, Mr. Gonzalez.

21      So, Mr. Mendoza, let me ask you some
22 questions about this Factual Basis.  First off, is
23 everything in this Factual Basis true and correct, sir?

24      DEFENDANT MENDOZA:  Yes, ma'am.

25      THE COURT:  Are there any changes or

1 corrections you would ask be made?

2 　　　　　DEFENDANT MENDOZA:  No, ma'am.

3 　　　　　THE COURT:  Do you understand that by

4 admitting that you engaged in this conduct, what you're

5 doing is admitting to both Counts One and Three?

6 　　　　　DEFENDANT MENDOZA:  Yes, ma'am.

7 　　　　　THE COURT:  Notwithstanding that I have this

8 Factual Basis, I am still going to ask for you to tell

9 me in your own words, what did you do in this case?

10 　　　　　DEFENDANT MENDOZA:  I was dealing drugs and

11 possession of a firearm.

12 　　　　　THE COURT:  And can you just specify for me

13 what type of drugs were you dealing?

14 　　　　　DEFENDANT MENDOZA:  Methamphetamine and heroin.

15 　　　　　THE COURT:  All right.  And so I'm going to go

16 ahead and ask Government and defense counsel at this

17 time, having had the Factual Basis read into the record

18 and supplemented with Mr. Mendoza's statements here in

19 open court, are you each satisfied there is a Factual

20 Basis for this plea?

21 　　　　　MR. GONZALEZ:  Yes, Your Honor.

22 　　　　　MR. JENKINS:  Yes, Your Honor.

23 　　　　　THE COURT:  All right.  Are you each also

24 satisfied the Court has complied with the requirements

25 of Rule 11 here today?

1    MR. GONZALEZ:  Yes, Your Honor.

2    MR. JENKINS:  Yes, Your Honor.

3    THE COURT:  Mr. Mendoza, have you understood

4  everything that's gone on here today?

5    DEFENDANT MENDOZA:  Yes, ma'am.

6    THE COURT:  Do you have any questions

7  whatsoever?

8    DEFENDANT MENDOZA:  No, ma'am.

9    THE COURT:  Do you want a further opportunity

10  to talk with your lawyer before we keep going forward?

11    DEFENDANT MENDOZA:  No, ma'am.

12    THE COURT:  And Mr. Jenkins, I'm just going to

13  ask you for you to confirm before we go on that you

14  have in fact gone over each and every paragraph

15  contained in the Plea Agreement, Addendum, and Factual

16  Basis with your client?

17    MR. JENKINS:  We have, Your Honor.

18    THE COURT:  And in your opinion, he fully

19  understands them?

20    MR. JENKINS:  He does, Your Honor.

21    THE COURT:  And you join and agree in his

22  decision to enter this guilty plea here today?

23    MR. JENKINS:  Yes, Your Honor.

24    THE COURT:  Then at this time I'm going to have

25  entered into the record the Consent, Plea Agreement,

1　Addendum thereto, as well as the Factual Basis.

2　　　　　　　And returning to the First Superseding

3　Indictment, I'm going to ask you at this time,

4　Mr. Daniel Mendoza, you're named in Count One for a

5　violation of 21 U.S.C., Section 846, Conspiracy to

6　Possess with the Intent to Manufacture and Distribute

7　Methamphetamine; as well as in Count Three for a

8　violation of 18 U.S.C., Section 924(c), Possession of a

9　Firearm in Furtherance of a Drug Trafficking Crime.

10　How do you now plead, sir, to both Counts One and Three

11　of the First Superseding Indictment, guilty or not

12　guilty?

13　　　　　DEFENDANT MENDOZA:  Guilty.

14　　　　　THE COURT:  In the case of *The United States*

15　*vs. Daniel Mendoza,* Cause No. 4:18-CR-188, this Court

16　will recommend, sir, to the District Court that your

17　plea be accepted.  And Mr. Mendoza, I'm going to

18　further find at this time that you're competent to

19　enter a plea, that you have had the assistance of

20　counsel, that you've been advised and you understand

21　your trial rights, that you've been advised and that

22　you understand the charges you've entered a plea to, as

23　well as the full range of penalties and consequences

24　associated with each of those counts.

25　　　　　　　I do further find that you've been advised

1  and that you understand that the Sentencing Guidelines,

2  they're not mandatory, they're merely discretionary.

3  And based upon our communications here today, I am

4  going to find that your plea was knowingly and

5  voluntarily given and that there's a Factual Basis to

6  support the plea.

7            So I'm going to prepare a Report and

8  Recommendation reflecting each of those findings.  I

9  will ask at this time if the Government and defense

10  counsel waive the objections period?

11            MR. GONZALEZ:  Yes, Your Honor.

12            MR. JENKINS:  Yes, Your Honor.

13            THE COURT:  So I'll get that prepared today

14  and get it over to the District Court, Mr. Mendoza.

15            DEFENDANT MENDOZA:  Yes, ma'am.

16            THE COURT:  What happens from here is your

17  Written Presentence Report gets prepared.  Once it's

18  ready, a copy of it is going to go to Mr. Jenkins.

19  The two of y'all can sit down, you can go over it, you

20  can make any objections the two of you deem necessary.

21  And then following that period of time, you'll appear

22  before the District Court for sentencing.

23            Do you understand, sir?

24            DEFENDANT MENDOZA:  Yes, ma'am.

25            THE COURT:  Is there anything further from the

1 | Government on this plea?

2 |      MR. GONZALEZ: No, Your Honor. Thank you.

3 |      THE COURT: Anything further, Mr. Jenkins?

4 |      MR. JENKINS: Nothing, Your Honor.

5 |      THE COURT: All right. Then at this time,

6 | Mr. Mendoza, I'm going to have you remanded into the

7 | custody of the United States Marshals. Thank you very

8 | much, sir.

9 |      And court will be adjourned.

10 |      MR. JENKINS: Thank you, Your Honor.

11 |      THE COURT: Thank you.

12 |      *[10:31 a.m. - Proceedings adjourned]*

13 |

14 |      C E R T I F I C A T I O N

15 |

16 |    I certify that the foregoing is a correct

17 | transcript of the electronic sound recording of the

18 | proceedings in the above-entitled matter.

19 |

20 |

21 | /s/ Gwen Reed

22 | 3-22-20

23 |

24 |

25 |