## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
## SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District _Eastern District of Texas_ | |
|---|---|---|
| Name *(under which you were convicted):* _Daniel Mendoza_ | | Docket or Case No.: |
| Place of Confinement: _F.C.I. Pollock  Pollock LA_ | Prisoner No.: _28122-078_ | |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| v. | _Daniel Mendoza_ | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

    _United States District Court for the Eastern District of Texas_

    (b) Criminal docket or case number (if you know): _4:18CR188_

2.  (a) Date of the judgment of conviction (if you know): _____
    (b) Date of sentencing: _November 19, 2019_

3.  Length of sentence: _384 months_

4.  Nature of crime (all counts): 1. _Conspiracy to Possess with Intent to Distribute Methamphetamine._

    2. _Possession of a Firearm in Furtherance of a Drug Trafficking Crime_

5.  (a) What was your plea? (Check one)
    (1) Not guilty ☐       (2) Guilty ☒       (3) Nolo contendere (no contest) ☐

6.  (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

    _N/A_

6.  If you went to trial, what kind of trial did you have? (Check one)       Jury ☐       Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?       Yes ☐       No ☒

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:
   (a) Name of court: _United States Court of Appeals Fifth Circuit_
   (b) Docket or case number (if you know): _19-40838_
   (c) Result: _Affirmed_
   (d) Date of result (if you know): _October 22, 2020_
   (e) Citation to the case (if you know): _____
   (f) Grounds raised:

   _Petitioner Involuntarily waived his appeal rights_

   (g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒
       If "Yes," answer the following:
       (1) Docket or case number (if you know): _N/A_
       (2) Result: _____
       _N/A_
       (3) Date of result (if you know): _N/A_
       (4) Citation to the case (if you know): _____
       (5) Grounds raised:
       _N/A_

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐  No ☒

11. If your answer to Question 10 was "Yes," give the following information:
    (a) (1) Name of court: _____
        (2) Docket or case number (if you know): _N/A_
        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☒

(7) Result: _____

(8) Date of result (if you know): _____ N/A _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____ N/A _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____ N/A _____

(5) Grounds raised:

N/A

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐     No ☒

(7) Result: _____

(8) Date of result (if you know): _____ N/A _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ☐     No ☒

(2) Second petition:     Yes ☐     No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

GROUND ONE: _Ineffective Assistance of Counsel_

    (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

           _See Memorandum Brief in Support of Motion 2255_

    (b) **Direct Appeal of Ground One:**

      (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

      (2) If you did not raise this issue in your direct appeal, explain why:

        _Petitioner Can not raise Ineffective Assistance of Direct_

   (c) **Post-Conviction Proceedings:**

      (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

      (2) If you answer to Question (c)(1) is "Yes," state:

      Type of motion or petition: _N/A_

      Name and location of the court where the motion or petition was filed:

      Docket or case number (if you know): _N/A_

      Date of the court's decision: _N/A_

      Result (attach a copy of the court's opinion or order, if available):

      (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ]     No [X]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ]     No [X]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ N/A _____

Docket or case number (if you know): _____

Date of the court's decision: _____ N/A _____

Result (attach a copy of the court's opinion or order, if available):

_____ N/A _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

N/A

GROUND TWO: _____ Prosecutorial Misconduct / Breach of Contract _____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Memorandum Brief in

Support of Motion 2255

(b) Direct Appeal of Ground Two:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ]     No [X]

(2) If you did not raise this issue in your direct appeal, explain why:

_Ineffective Assistance of Counsel_

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _N/A_

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _N/A_

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐    No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

_N/A_

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: _____ N/A _____

   (a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

N/A

   (b) Direct Appeal of Ground Three:

     (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

     (2) If you did not raise this issue in your direct appeal, explain why: N/A

   (c) Post-Conviction Proceedings:

     (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☒

     (2) If you answer to Question (c)(1) is "Yes," state:

     Type of motion or petition:

     Name and location of the court where the motion or petition was filed:

     Docket or case number (if you know): N/A

     Date of the court's decision:

     Result (attach a copy of the court's opinion or order, if available):

     (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☒

     (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☒

     (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

        Yes ☐   No ☒

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____ *N/A*_____

Date of the court's decision: _____ *N/A*_____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*N/A*

_____

**GROUND FOUR:** _____ *N/A* _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

*N/A*

_____

(b)  Direct Appeal of Ground Four:

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐     No ☒

(2)   If you did not raise this issue in your direct appeal, explain why:

*N/A*

_____

(c)  Post-Conviction Proceedings:

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐     No ☒

(2)   If you answer to Question (c)(1) is "Yes," state:

*N/A*

Type of motion or petition: _____ *N/A* _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion, petition, or application?   *N/A*

Yes ☐   No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐   No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____ *N/A* _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

*N/A*

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

*Ineffective Assistance of Counsel*

*Petitioner is not allowed to raise ineffective*

*Assistance on Direct Appeal*

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

*N/A*

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing: *Robert O. Jenkins*
*717 N. Harwood Suite 2650 Dallas Texas 75201*

(b) At the arraignment and plea:
*Same as (a)*

(c) At the trial:
*Same as (a)*

(d) At sentencing:
*Same as (a)*

(e) On appeal: *Kimberly S. Keller. Stolarcephr. PLLC*
*234 W. Bandera Rd. No. 120 Boerne, TX 78006*

(f) In any post-conviction proceeding:
*N/A*

(g) On appeal from any ruling against you in a post-conviction proceeding:
*N/A*

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
*N/A*

(b) Give the date the other sentence was imposed: *N/A*

(c) Give the length of the other sentence: *N/A*

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

Therefore, movant asks that the Court grant the following relief: *That sentence be*

*Vacated and Corrected*

_____

or any other relief to which movant may be entitled.


_____ N A _____
Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____.

(month, date, year)


Executed (signed) on _____ (date)


_____
Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

In the United States District Court

For the Eastern District of Texas

Sherman Division

United States of America,
        Respondant,

vs.                                    Case No. 4:18CR188
                                       Civil No. _____

Daniel Mendoza,
        Petitioner.

Memorandum Brief in Support

of Motion to Vacat, Set Aside, or Correct Sentence

Pursuant to 28 U.S.C. 2255

Comes Now, Daniel Mendoza, hereinafter,

"petitioner" filing pro se. asking this Honorable Court

to review this motion to pursue a claim of

ineffective assistance of counsel during a critical

stage in proceedings pursuant to the two prong

-1-

test set forth in the Supreme Court's holding in

Strickland v. Washington, 466, U.S. 668, 687-88, 694, 104 S. Ct. 2052, 2064-74, 80 L. Ed. 2d 674 (1984)

and its progenies.

Petitioner respectfully asks this Court to liberally construe his pleading under the standard governing pro se submissions announced in the landmark Supreme Court case Haines v. Kerner, 404 U.S. 519, 520 (per curiam) (1972); See also Tilman v. Texas, 2015 U.S. Dist. LEXIS 35950 (5th Cr.).

A. Standard of Review

Under 28 U.S.C. 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that; the sentence was imposed in violation of the constitution or laws

-2-

petitioner for conspiracy with the intent to distribute 500 grams of a mixtor or substance containing a detectable amount of methamphetamine and heroin. (50 grams of methamphetamine actual)

On February 7, 2019. Petitioner and the government entered into a plea agreement that was disclosed and addressed in open court to the charges alleged in a superseding Indictment. On September 23, 2019. petitioner was sentenced to a term of 324 months imprisonment. Petitioner appealed his sentence to the Fifth Circuit by way of a hand written letter, (without the understanding of the Courts procedures) See Exhibit "A". this letter contained petitioner's complaints and mistrusts of and in his attorney's actions. On October 28, 2019. an Andes brief was filed by Kimberly S. Keller on this matter.

C. Guilty Plea

Petitioner's guilty plea does not preclude petitioner from bringing a claim of ineffective assistance of counsel in a habeas corpus proceeding. See Plea Agreement

Issue For 2255
Relief

I.

Counsel was constitutionally ineffective for failing to object or challenge the Probation officer's findings of a offense base level of 41 and failure to object to the 924(c) offense.

Applizabe Law

The Sixth Amendment to the United States Constitution provides in pertinent part that. "In all criminal prosecutions, the accused shall

- 5 -

enjoy the right ... to have the assistance of counsel for his defense" U.S. Const., Amend VI.

This a criminal defendant is constitutionally entitled to the effective assistance of counsel both at [sentencing] and direct appeal. See Evitts v. Lucey, 469, U.S. 387, 393, -96 (1985); Also see Lafler v. Cooper, 56 U.S. 156, 165 (2012). 'When a claim of ineffective assistance of counsel is raised petitioner is required to pass a two prong test set forth in Strickland v. Washington. The Fifth Circuit has explained that to succeed on any claim of ineffective assistance of counsel, a defendant must show:

1. counsels representation fell below an objective standard of reasonableness; and 2, there is a reasonable probability that except for counsels unprofessional errors, the result of the proceeding would have been different. United States v. King, 917 F. 2d 181, 183 (5th Cir. 1990)

When the claim of ineffective assistance
is based on the performance of appellate counsel,
i.e, based on failure to raise an issue on appeal,
the prejudice prong of the Strickland test
requires that the petitioner to establish that the
appellate court would have granted relief had
the issue been raised. United States v. Phillips,
210 F. 3d 345, 350 (5th Cir. 2000). However, "counsel
is not required to raise every non-frivolous issue
on appeal." See Phillips, 210 F.3d at 348 (citing
Williamson, 183 F.3d at 462-63), and the "strategic
choices made after a thorough investigation of law
and facts to plausible options are virtually
unchallengeable". To be deficient, the decision
not to raise an issue must fall below an objective
standard of reasonableness," Strickland, 466 U.S.
at 688, 104 S. Ct. at 2064, 80 L. Ed. 2d at ___.
    This reasonableness standard requires that

Counsel "reseach relevant facts and law, or make

an informed decision that certain avenues may not

prove fruitful." Williamson, 183 F.3d at 462-63.

(Citation omitted) Thus, to determine whether

petitioner's appellate counsel was deficient, the

Fifth Circuit has said that "we consider whether

a challenge ... would have been sufficiently

meritorious, .... Such that counsel should have

raised it on appeal." See Phillips

            Petitioner asserts that counsel

            was ineffective for failing to

            challenge on appeal the

            government's findings of

            petitioner's base level at 41

        It is within an obligation of the government

to present to the court its findings of the facts

that are to be set forth as the evidence (proof)

in a case that is to be prosecuted. The government
is have to have done such in their Findings of
Facts in the Guilty Plea, as well as in their
Elements of the offense of petitioner's "846 conspiracy"
See Exhibit B and C. Appellet counsel had no
interest in the research or investigation in this matter
and refused to challenge any part of the government's
findings. that placed petitioner's offense base level
at 41. when it is more than clear according to the
Drug Quantity Tables that a person that is in
possession of at least 1.5 kG but less than 5 kG of
Methamphetamine or At least 150 G but less than
500 G of Methamphetamine (actual) is only subjected
to a base offense level=38; Petitioner was sold as
only conspire to possess 50 grams of actual meth.
Appellet counsel was ineffective for refusing to
even investigate this fact.

Counsel was ineffective for failing to address

-9-

sentencing counsel's failure to object to the 924(c)

Charge, when it was asked of counsel in open court

by the sentencing Judge. "All right. I'm trying

to understand. Now Mr Daniel Mendoza plead

guilty to possession of a firearm in furtherance

of a drug trafficking crime" (counsel Yes) and

you're not contesting that?" (counsel No).

Even if appellate counsel might have

thought of it as reaching a bit far. the letter

to the appeals Court should have caused some

sort of an investigation as to the legitimacy of

petitioner's plea altogether. petitioner was

brought a new PSR the night before the day of

his sentencing. which is within itself, a violation

of petitioner's due process rights. Surely appellate

counsel has seen and understand what petitioners

and others alike has to go through with the

uncertainty of what is to be faced.

-10-

# II

Prosecutorial Misconduct

Breach of Contract

---

On February 7, 2019, petitioner entered into

an agreement with the government by way of plea

agreement, with all of its conditions. Then after using the

findings of the Probation officer that were stated in the

Presentence Report to increase petitioner's offence base

level. this was not apart of the agreement. The government

also sought out and used false witnesses with false statements

also going against what was agreed upon, causing a

violation of the agreement. In Alleyne v. United

States. 133 S.Ct. (2013) the Supreme Court held that any

fact that increases the statutory mandatory minimum

sentence is an element of the crime that must be

submitted to the jury and found beyond a reasonable

doubt. This means that for a defendant to be subject to a mandatory minimum sentence, prosecutors must ensure that the charging documents includes those elements of the crime that trigger the statutory minimum penalty.

## Conclusion

Defense counsel deprived petitioner effective assistance because he represented conflicting interest. After receiving the last Presentence Report hours prior to being sentenced, petitioner asked his attorney to file a motion to withdraw his guilty plea because the Presentence Report now contained things that he did not plea to. Petitioner's attorney lied by advising petitioner that it was too late to file any other motions." Counsel knew that petitioner filed a motion to withdraw his guilty plea that he would be forced to defend himself against a valid claim of ineffective assistance of counsel and

possible bar complaint because of his faulty and
misleading legal advice and sentence inducements to get
petitioner to plead guilty. See _Segarra-Rivera v._
_United States_, 473 F.3d 381, 383(1st Cir 2007). The guilty
plea was not knowingly and voluntary entered as a result
of ineffective assistance of counsel and must be set aside.

Wherefore based on the above,

Darrel Mendoza, respectfully moves this Honorable

Court to set aside his guilty plea and afford him an

opportunity to plea anew. Alternatively, appoint

new counsel and conduct an evidentiary hearing to

resolve the factual disputes.

Respectfully submitted on this day of Feb. 2021

_____

Pro Se Representation

Exhibit "A"

- They charge me with actual meth when they never show or gave me the puerity of the meth

- My lawyer promise me 12 years when I plead guilty

- my first P.S.R was wrong they didn't give me my 3 points ~~accepted~~ so I sent it back even the 2nd one wasn't right but I agree to it anyways it was 17 or 18 years out of nowhere my lawyer comes to me Sunday night with a P.S.R I never seen before I get sentence monday murning he shows me the P.S.R it came with drug importation points, leadership role points, stash house points and a 924c and still giving me points when I was 15 years old and when I told him to object to all of the extra points they was giving me on the 3rd P.S.R he told me he was ~~gonna~~ going to do it in court and when I tried to remind him at the day of sentencing he told me ~~to~~ ~~brought~~ nut to say anything



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA §
§
v. § No. 4:18CR188
§ Judge Crone
DANIEL MENDOZA (1) §

## ELEMENTS OF THE OFFENSE

You are charged in Count One of the First Superseding Indictment with a violation of 21 U.S.C. § 846, Conspiracy to Possess with the Intent to Distribute Methamphetamine and Count Three of the First Superseding Indictment with a violation of 18 U.S.C. § 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The essential elements which must be proved beyond a reasonable doubt in order to establish a violation of that section are:

Count 1:

1. That you and one or more persons, in some way or manner made an agreement to commit the crime charged in the First Superseding Indictment, that is, to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual);

2. That you knew the unlawful purpose of the agreement;

3. That you joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

Elements – Page 1

---

4. That the overall scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual).

5. That you knew or reasonably should have known that the scope of the conspiracy involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine or 50 grams or more of methamphetamine (actual).

Count 2:

1. That you knowingly possessed the controlled substance charged in the First Superseding Indictment;

2. That the substance was in fact a mixture or substance containing a detectable amount of methamphetamine;

3. That you possessed the substance charged in the First Superseding Indictment with intent to distribute it; and

4. That you knowingly possessed a firearm, namely, a Ruger semiautomatic 9mm handgun serial number 312-91160 and a Springfield semiautomatic .40 caliber handgun serial number MG174539, in furtherance of the drug trafficking crime set forth in elements one through three.

Elements – Page 2

Respectfully submitted.

JOSEPH D. BROWN
United States Attorney

/s/
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on February 4, 2019.

/s/
ERNEST GONZALEZ

---

UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

versus     § § § § § § CRIMINAL ACTION NO. 4:18cr188

DANIEL MENDOZA (1)

ORDER

Defendant Daniel Mendoza's Motion to Extend Plea Agreement Deadline (#80) is GRANTED. Defendant's plea deadline in the above-styled criminal matter is hereby changed to February 4, 2019, by 4:00 p.m.

SIGNED at Beaumont, Texas, this 5th day of February, 2019.

Marcia A. Crone
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

Exhibit "C"

# *United States Court of Appeals*

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

December 10, 2019

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

No. 19-40838    USA v. Daniel Mendoza
                USDC No. 4:18-CR-186-1

The court has taken the following action in this case:

Appellant's motion to reopen this appeal has been granted.

Appellant's motion for appointment of counsel will be submitted to the Court and Mr. Mendoza will be advised of the ruling once rendered. We have also removed Mr. Robert C. Jenkins as counsel of record for Mr. Mendoza and Mr. Jenkins will not receive any further correspondence, etc.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
    Dawn M. Smalls, Deputy Clerk
    504-310-7678

Mr. Daniel Mendoza
Mr. Ernest Gonzalez
Mr. Robert C. Jenkins
Mr. David Orozco

19-40838.114

Indictment.

Dated: 2/9/19

ROBERT JENKINS
Attorney for the defendant

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CASE NUMBER 4:18-CR-00188 |
| | § |
| DANIEL MENDOZA (1) | § |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). United States v. Bolivar-Munoz, 313 F.3d 253, 255 (5th Cir. 2002).

On February 7, 2019, this case came before the undersigned United States Magistrate Judge for entry of a guilty plea by Defendant, Daniel Mendoza, to Counts One and Three of the First Superseding Indictment. Count One of the First Superseding Indictment alleges that from sometime in or about January 2016, and continuously thereafter up to and including November 15, 2018, in the Eastern District of Texas and elsewhere, Defendant Daniel Mendoza and others did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to manufacture and distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, or 50 grams or more of methamphetamine (actual), a violation of Title 21 U.S.C. § 841(a)(1), all in violation of Title 21 U.S.C. § 846 - Conspiracy to Possess with the Intent to Manufacture and Distribute Methamphetamine. Count Three of the First

Daniel Mendoza #
F.C.I. Pollock
P.O. Box 4050
Pollock LA 71467

Daniel Mendoza # 26622-078
F.C.I. Pollock
P.O. Box 4050
Pollock LA 71467

United States District Court
Eastern District of Texas
211 W. Ferguson Street, Room 106
Tyler TX 25762

CLERK, U.S. DISTRICT COURT
RECEIVED
MAR 01 2021
EASTERN DIST. OF TEXAS