UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-188-SDJ |
| | § | |
| DANIEL MENDOZA (1) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Daniel Mendoza's Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) and First Step Act of 2018. (Dkt. #240). Having considered the motion, the record, and the applicable law, Mendoza's motion is **DENIED**.

### I. BACKGROUND

On September 27, 2019, Mendoza was sentenced to (1) a 324-month term of imprisonment with five years of supervised release, and (2) a 60-month term for imprisonment with five years of supervised release. (Dkt. #142). The terms of imprisonment were ordered to run consecutively; the supervised release was ordered to run concurrently. (Dkt. #142). In effect, Mendoza's sentence is 384 months of imprisonment with five years of supervised release. (Dkt. #142).

Mendoza pleaded guilty to (1) conspiracy to possess with intent to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 846 and (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Dkt. #85, #87). The conspiracy involved at least 45 kilograms of methamphetamine. (Dkt. #89 ¶ 5). As part of this conspiracy, Mendoza supplied "co-conspirators with kilogram quantities of methamphetamine from various sources,

1

which was imported from Mexico, which would then be distributed to other co-conspirators and co-defendants during the term of the conspiracy in the Eastern and Northern Districts of Texas." (Dkt. #89 ¶ 6). In addition, Mendoza concedes that he "was in possession of a Ruger semiautomatic 9mm handgun . . . and a Springfield semiautomatic .40 caliber handgun . . . in furtherance of the conspiracy." (Dkt. #89 ¶ 7).

About five years after sentencing, Mendoza filed this motion for compassionate release, citing five reasons for why the Court should reduce his sentence. First, he suggests that the Court can ignore the drug-weight calculation he agreed to in his factual basis. (Dkt. #240 at 13–17). Second, his sentence is unusually long under U.S.S.G. § 1B1.13(b)(6). (Dkt. #240 at 17–18). Third, he recommends ignoring the sentencing guidelines because 21 U.S.C. § 841(b)(1) "should be amended to abolish arbitrary minimum sentences ascribed to actual methamphetamine." (Dkt. #240 at 24). Fourth, he again recommends ignoring the sentencing guidelines because the "marijuana equivalency called for in the Sentencing Guidelines when imposing sentences in cases involving actual methamphetamine and ice" is improper. (Dkt. #240 at 24–27). Fifth, Mendoza's firearm charge should be dismissed because it is based off his conspiracy charge, which is not a "controlled substance offense" and thus is improper. (Dkt. #240 at 31).

Mendoza requests that the Court reduce his sentence from 384 months to 120 months. (Dkt. #240 at 36). At this time, Mendoza has served less than twenty percent of his sentence.

## II. LEGAL STANDARDS

### A. Jurisdiction over Sentence-Reduction Motions

Under the "rule of finality," "federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 564 U.S. 522, 526, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011) (cleaned up). That is so because a judgment of conviction imposing a sentence of imprisonment "constitutes a final judgment," which may be modified in only "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010). Indeed, the Fifth Circuit has explained that "[a]bsent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims." *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020) (quoting *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)); *see also Eberhart v. United States*, 546 U.S. 12, 17, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005) (per curiam) (a "basic principle of judicial process" is that "once a final [criminal] judgment is issued and the court of appeals considers a case, a district court has no power to act on it further").

The "limited circumstances" in which a defendant may invoke the district court's[1] jurisdiction are through (1) compassionate-release motions;[2] (2) motions for sentence reduction based on a change in the sentencing guidelines;[3] (3) Rule 35(a)

---

[1] A defendant may invoke the jurisdiction of the courts of appeals through direct appeal of their term of imprisonment under 18 U.S.C. § 3742.

[2] 18 U.S.C. § 3582(c)(1)(A).

[3] 18 U.S.C. § 3582(c)(2).

motions to correct clear error within fourteen days of sentencing;[4] (4) Rule 35(b) motions for sentence reduction based on substantial assistance;[5] (5) Rule 36 motions to correct clerical errors;[6] (6) habeas motions;[7] or (7) any other motion "expressly permitted by statute."[8] *Varner,* 948 F.3d at 253–54. That's it. If a Defendant seeks other relief, they should specifically identify where that relief is expressly permitted by statute.

**B. Motions for Compassionate Release**

Compassionate-release motions are governed by 18 U.S.C. § 3582(c)(1)(A)(i). They can be filed by either the Director of the Bureau of Prisons ("BOP") or the defendant. Under this section, the Court may "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.* § 3582(c)(1)(A)(i). The standard for granting relief is exacting. The court must find that (1) "'extraordinary and compelling reasons' justify a sentence reduction"; (2) such a reduction "must be consistent with applicable policy statements issued by the Sentencing Commission"; and (3) "early release would be consistent with the

---

[4] 18 U.S.C. § 3582(c)(1)(B); *see also* FED. R. CRIM. P. 35(a).

[5] *Id.*; *see also* FED. R. CRIM. P. 35(b).

[6] FED. R. CRIM. P. 36.

[7] 28 U.S.C. § 2255.

[8] 18 U.S.C. § 3582(c)(1)(B).

4

sentencing factors in § 3553(a)." *United States v. Clark*, No. 24-10020, 2024 WL 4930383, at *1 (5th Cir. Dec. 2, 2024).

So what constitute "extraordinary and compelling reasons"? Congress chose not to elaborate further. Instead, it delegated the authority to do so to the Sentencing Commission. *See* 28 U.S.C. § 994(t) (directing the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples"). In so doing, Congress "provided just one restriction: 'Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (quoting 28 U.S.C. § 994(t)).

Under this authority, the Sentencing Commission promulgated U.S.S.G. § 1B1.13. As it stands now, there are six "extraordinary and compelling reasons" that could warrant sentence reduction: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether the defendant is a victim of abuse; (5) other reasons that are "similar in gravity" to reasons one through four; and (6) whether the defendant has an unusually long sentence. U.S.S.G. § 1B1.13(b)(1)–(6). This section binds district courts because Section 3582 requires sentence reductions to be "consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Garcia*, 655 F.3d 426, 435 (5th Cir. 2011) (finding that Congress intended the Sentencing Commission's policy statements "to be binding in § 3582(c) proceedings").

5

And the 2023 amendments[9] made clear that U.S.S.G. § 1B1.13 applies to motions filed by either "the Director of the [BOP] or the defendant."[10] U.S.S.G. § 1B1.13(a); *see also United States v. Jean*, 108 F.4th 275, 290 (5th Cir. 2024) (noting that "district courts are now guided by the November 1, 2023 Amendments in future cases"), *abrogated on other grounds by United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2025).

But the analysis doesn't end there. Even if the defendant shows extraordinary and compelling reasons for granting relief, several other hurdles remain. For example, the court must find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2). The factors under Section 3142(g) align with the sentencing factors under 18 U.S.C. § 3553(a),[11] which must also be considered by the court:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

---

[9] Amendments to the Sent'g Guidelines (U.S. Sent'g Comm'n Nov. 1, 2023).

[10] Before the 2023 amendments to the Sentencing Guidelines, U.S.S.G. § 1B1.13(a) was limited to motions "of the Director of the [BOP]." The Fifth Circuit, among many others, interpreted this omission to suggest that U.S.S.G. § 1B1.13 did not apply to compassionate-release motions filed by defendants. *United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021); *see also United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020). The amended guidelines allow for motions "of the Director of the [BOP] *or the defendant*," which clarified this previous confusion.

[11] For brevity, the Court includes the language of only 18 U.S.C. § 3553(a), which is substantively identical to 18 U.S.C. § 3142(g).

> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). The district court has broad discretion in considering these factors. As the Supreme Court has explained, "the 'sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case[.]'" *United States v. Rollins*, 53 F.4th 353, 359 (5th Cir. 2022) (quoting *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Consistent with the broad discretion granted district courts, the Fifth Circuit has "regularly affirmed the denial of a compassionate-release motion ... where the district court's weighing of the Section 3553(a) factors can independently support its judgment." *Id.* at 358 (citation omitted). In short, "compassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Based on Mendoza's arguments, the Court believes that he seeks to invoke his unusually long sentence as an extraordinary and compelling reason for relief.[12] A defendant seeking to invoke this reason for relief must meet three requirements. First, the defendant must be serving an unusually long sentence. U.S.S.G. § 1B1.13(b)(6). Second, they must have served at least ten years of that sentence. *Id.* Third, there must have been a change in law that "produce[s] a gross disparity

---

[12] Although Mendoza mentions his "health conditions" and "medical conditions" in passing near the end of his motion, (Dkt. #240 at 36), he provides nothing more as to what these conditions are or why they are extraordinary and compelling. The Court refuses to speculate and finds his unsupported assertions of extraordinary and compelling medical conditions to be insufficient.

7

between the sentence being served and the sentence likely to be imposed at the time the motion is filed." *Id.* This section explicitly excludes non-retroactive changes "to the Guidelines Manual." *Id.* And Fifth Circuit precedent precludes considering non-retroactive changes in *any* law. *United States v. Austin*, No. 24-30039, 2025 WL 78706, at *3 (5th Cir. Jan. 13, 2024) ("A non-retroactive change in the law cannot constitute an extraordinary and compelling reason justifying sentence reduction under § 3582(c)(1)."). Thus, in this circuit, non-retroactive changes are irrelevant.

**C. Exhaustion Requirement Under 18 U.S.C. § 3582(c)(1)(A)**

Section 3582(c)(1)(A) imposes exhaustion requirements for compassionate-release requests from a defendant: they must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" Although this requirement is mandatory, the Fifth Circuit has treated it as "a nonjurisdictional claim-processing rule." *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020), *cert. denied*, 141 S.Ct. 920 (2020). And "mandatory but nonjurisdictional procedural filing requirements may be waived." *United States v. McLean*, Nos. 21-40015, 21-40017, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022). Thus, if the Government fails to "invoke § 3582(c)(1)(A)'s exhaustion requirement as a basis for denying relief," that argument is deemed waived. *Id.*

## III. DISCUSSION

**A. Jurisdiction**

The Court lacks jurisdiction over all but one of Mendoza's alleged "extraordinary and compelling reasons" for relief: his unusually long sentence claim. *Varner*, 948 F.3d at 253 ("Absent jurisdiction conferred by statute, district courts lack power to consider [post-judgment] claims."). Mendoza's other claims request the Court to recalculate his sentence by ignoring (1) his factual basis; (2) the Sentencing Guidelines; and (3) the criminal laws he violated. (Dkt. #240 at 13–31). While these legal challenges may have been permissible on direct appeal under 18 U.S.C. § 3742, Mendoza's deadline to appeal was October 11, 2019—over *five years* before he filed this motion.

That said, even if Mendoza's arguments are construed as "other reasons" for granting relief, U.S.S.G. § 1B1.13(b)(5), they must still be rejected. To be sure, the catchall category under the Sentencing Guidelines allows the defendant to "present[] any other circumstance or combination of circumstances that" is "similar in gravity to" the four extraordinary and compelling reasons described in U.S.S.G. § 1B1.13(b)(1)–(4). *Id.* But Mendoza's arguments improperly seek to relitigate his underlying conviction and sentence through a compassionate-release motion, suggesting that the Court should "recalculate" his sentence based on Mendoza's complaints about the operation of statutory law and the Sentencing Guidelines. None of Mendoza's reasons for "recalculation" of his sentence is "similar in gravity" to any of the other extraordinary and compelling reasons for

9

compassionate release. The Court therefore finds that Mendoza has not put forth any other reasons that qualify as extraordinary and compelling under Section 1B1.13(b)(5).

## B. Unusually Long Sentence

To begin with, the Court addresses exhaustion. Mendoza claims that he exhausted his administrative remedies. (Dkt. #240 at 12). Because the Government did not respond to Mendoza's motion, any argument that he has not exhausted his administrative remedies is deemed waived. *McLean*, 2022 WL 44618, at *1. Mendoza has therefore exhausted his administrative remedies.

Turning to his motion, Mendoza's claim that he qualifies for compassionate release under Section 1B1.13(b)(6) for an unusually long sentence fails. Even assuming arguendo that the Court agreed that Mendoza meets the first requirement and is serving an unusually long sentence, he has not met the second requirement: serving at least 10 years of his sentence. Indeed, he has served only about five years of his sentence. Mendoza is thus unable to claim that his allegedly unusually long sentence constitutes an extraordinary and compelling reason for relief. U.S.S.G. § 1B1.13(b)(6).

Setting the sentencing guidelines aside, the Court independently finds that the sentencing factors under 18 U.S.C. § 3553(a) support denying Mendoza's motion. *Rollins*, 53 F.4th at 359. Mendoza was convicted of conspiracy to possess with intent to distribute methamphetamine, a crime that involved his participation in an international conspiracy to traffic 45 kilograms or more of methamphetamine. And

10

in connection with this crime, he violated 18 U.S.C. § 924(c) by being in possession of a firearm. Mendoza's first offense mandates a ten-year-minimum sentence; the second mandates a five-year-minimum sentence. Each of these mandatory minimums reflect the seriousness of these crimes and seek to deter future criminal conduct. Mendoza asks the Court to release him notwithstanding the statutory minimum sentences and when he has served less than twenty percent of the sentence imposed by this Court. Granting Mendoza's request would not reflect the seriousness of his offense, promote respect for the law, or provide just punishment for his offense. Nor would it adequately deter future criminal conduct or protect the public.

Because Mendoza has failed to show that there are extraordinary and compelling reasons to reduce his sentence, his motion must be denied. Even if Mendoza had made this showing, the Court would still find that his motion must be denied "after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693.

## IV. CONCLUSION

Defendants seeking compassionate release must show that (1) extraordinary and compelling reasons warrant a sentence reduction; (2) a reduction would be consistent with the applicable policy statements of the Sentencing Commission; and (3) a sentence reduction is warranted after consideration of the sentencing factors in 18 U.S.C. § 3553(a). Defendant Daniel Mendoza has failed to meet his burden for each requirement, and his Motion for Compassionate Release Pursuant to 18 U.S.C. 3582(c)(1)(A) and First Step Act of 2018, (Dkt. #240), is therefore **DENIED**.

**So ORDERED and SIGNED this 30th day of July, 2025.**

                                        SEAN D. JORDAN
                                        UNITED STATES DISTRICT JUDGE