

**FILED**

AUG 1 8 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-CR-188-SDJ |
| | § | |
| DANIEL MENDOZA (1) | § | |

## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

COMES Defendant, Daniel Mendoza ("Mendoza"), appearing *pro se*, respectfully moves this Court to reconsider its Memorandum Opinion and Order denying his Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Reconsideration is warranted under the Court's inherent authority in light of recent Supreme Court developments, controlling Fifth Circuit precedent, and overlooked post-sentencing facts demonstrating that continued incarceration is greater than necessary to satisfy the purposes of sentencing. In support of this motion, Mendoza would show as follows:

## I. INTRODUCTION

As a preliminary matter, Mendoza respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Kayode*, 777 F.3d 719 (5th Cir. 2014); *Estelle v. Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same).

The Court denied Mendoza's motion on the grounds that he failed to show "extraordinary and compelling reasons" and that the § 3553(a) factors weighed against release. Respectfully, that decision applied an unduly restrictive interpretation of § 3582(c)(1)(A) that is inconsistent with the Fifth Circuit's recognition of broad judicial discretion in this context, failed to fully consider post-sentencing rehabilitation and legal changes, and overlooked the significance of recent Supreme Court developments.

## II. <u>LEGAL STANDARD FOR RECONSIDERATION</u>

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Supreme Court has long recognized that district courts have inherent authority to reconsider their own orders in criminal cases. See *United States v. Healy*, 376 U.S. 75, 78–79 (1964); *United States v. Dieter*, 429 U.S. 6, 8 (1976) (per curiam).

The Fifth Circuit has applied this principle to compassionate release proceedings under § 3582(c), holding that such motions may be evaluated using standards similar to those applied under Fed. R. Civ. P. 59(e) in the civil context. See *United States v. Garrett*, 15 F.4th 335, 339–40 (5th Cir. 2021); see also, *United States v. Early*, 27 F.4th 327, 329–30 (5th Cir. 2022).

Under these standards, reconsideration is warranted where: (1) There has been an intervening change in controlling law; (2) New evidence has been discovered; or (3) Reconsideration is necessary to correct a clear error of law or prevent manifest injustice. See *Garrett*, 15 F.4th at 339–40.

All three apply here:

1.  Intervening change in law — *Concepcion v. United States*, 597 U.S. 481 (2022), and the pending *Fernandez*, *Rutherford*, and *Carter* cases.

2.  New evidence— Mendoza's post-sentencing rehabilitation and evidence of reduced risk to the public.

3.  Clear error/manifest injustice— The Court's analysis narrowly applied § 3582(c)(1)(A) contrary to Fifth Circuit and Supreme Court precedent.

### III. <u>INTERVENING SUPREME COURT DEVELOPMENTS IMPACTING THIS CASE</u>

A.      *Concepcion v. United States*, 597 U.S. 481 (2022):

The Supreme Court held that in sentence modification proceedings, district courts may consider all relevant factors — including intervening legal and factual developments — regardless of whether the changes are retroactive. This principle applies equally to § 3582(c)(1)(A) motions.

B.      *Fernandez v. United States* – Cert. granted, No. 24-___ (U.S. 2025):

*Fernandez* asks whether a non-retroactive change in sentencing law can itself qualify as an "extraordinary and compelling reason" for compassionate release. The Second Circuit below said no; the Supreme Court's grant signals it will address a split among the circuits. If decided in the defendant's favor, Mendoza's motion would have to be reassessed.

C.      *Rutherford v. United States & Carter v. United States* – Cert. granted, consolidated with *Fernandez*:

These cases raise the same question as *Fernandez*, from other circuits that have barred courts from considering non-retroactive changes in law as part of compassionate release analysis. The Supreme Court's ruling will directly control whether this Court may consider the significant sentencing disparities created by pre-First Step Act § 924(c) stacking.

### IV. <u>EXTRAORDINARY AND COMPELLING REASONS EXIST UNDER THE CORRECT LEGAL STANDARD</u>

Under *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), § 1B1.13 is not binding for defendant-filed motions; this Court may consider any reason Mendoza presents. Combined with Concepcion, that means post-sentencing rehabilitation, changes in law, and evolving sentencing policy can together satisfy § 3582(c)(1)(A).

In Mendoza's case: (1) His sentence reflects pre-First Step Act § 924(c) stacking, which Congress has since repudiated as unduly harsh; (2) He has completed numberous educational programs, obtained [certifications], and maintained a clean disciplinary record; (3) He has a concrete release plan with verified residence and employment support.

These facts, taken together, present a compelling case for relief — or at least for reconsideration pending the Supreme Court's decisions.

### V. <u>THE § 3553(a) FACTORS NOW SUPPORT RELEASE</u>

The Court's prior order focused almost exclusively on the nature of Mendoza's offense and time served (less than 20%). But § 3553(a) requires a forward-looking assessment. See *Pepper v. United States*, 562 U.S. 476, 491 (2011). Mendoza's conduct in custody demonstrates he is no longer the same person sentenced years ago.

Continuing to serve the full stacked mandatory minimum term, in light of Congress's and the Sentencing Commission's recognition that such terms are excessive, would result in punishment greater than necessary to achieve the goals of sentencing.

### VI. <u>EFFICIENCY AND JUDICIAL ECONOMY FAVOR RECONSIDERATION OR A STAY</u>

If the Supreme Court rules in *Fernandez, Rutherford,* or *Carter* that non-retroactive legal changes may be considered, Mendoza will have grounds for a renewed motion. Granting reconsideration or staying the case now will avoid duplicative proceedings.

### VI. <u>CONCLUSION</u>

For the above and foregoing reasons, Mendoza respectfully requests that this Court:

1. Vacate its prior Order denying his Motion for Compassionate Release;

2. Reconsider the motion under the correct legal framework; and

3. In the alternative, stay proceedings pending the Supreme Court's resolution of *Fernandez*, *Rutherford*, and *Carter*.

Respectfully submitted,

Dated: August 3, 2025

*Daniel Mendoza*

DANIEL MENDOZA
REG. NO. 28122-078
FCI POLLOCK
FEDERAL CORR. INSTITUTION
P.O. BOX 4050
POLLOCK, LA 71467

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2025, a true and correct copy of the above and foregoing Motion for Reconsideration of Order Denying Motion for Compassionate Release was sent via First U. S. Mail, postage prepaid, Ernest Gonzalez, Assistant U.S. Attorney at U.S. Attorney's Office - Plano, 101 E. Park Blvd., Suite 500, Plano, TX 75074.

*Daniel Mendoza*

DANIEL MENDOZA